UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE THOMAS ROBINSON

Case No. 19-mc-50116
Hon. Matthew F. Leitman

_____/

## ORDER (1) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND (2) REQUIRING PLAINTIFF TO SHOW CAUSE IN WRITING WHY HIS PETITION TOM PERPETUATE TESTIMONY (ECF No. 1) SHOULD NOT BE DENIED

On January 18, 2019, Petitioner Thomas Robinson filed a petition in this Court to perpetuate testimony. (*See* Pet., ECF No. 1.)  Robinson also filed an application to proceed *in forma pauperis* in this matter. (*See* Application, ECF No. 2.)

The Court has reviewed Robinson's application to proceed *in forma pauperis* and **GRANTS** the application due to his indigence.

The Court has also carefully reviewed Robinson's Petition.  In the Petition, Robinson seeks to take certain testimony so that he can learn the identity of certain law enforcement agents that Carter says violated his civil rights during  searches of his home on February 22, 2017, and February 20, 2018. (*See* Pet., ECF No. 1, PageID.7.)  Robinson seeks to take that testimony pursuant to Federal Rule of Civil Procedure 27.  Under that rule, "a person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the

1

district court for the district where any expected adverse party resides." Fed.R.Civ.P. 27(a)(1). Such a petition must show, among other things, that "the petitioner expects to be a party to an action cognizable in a United States court *but cannot presently bring it or cause it to be brought*." Fed.R.Civ.P. 27(a)(1)(A) (emphasis added).

Here, Robinson's Petition fails to establish that he "cannot presently bring" a civil action related to the alleged unconstitutional searches of his home. Robinson appears to have the names and addresses of at least some of the law enforcement agents that he claims were involved in the searches. And he has not sufficiently explained why he cannot initiate an action against those defendants and then use the traditional mechanisms of discovery to learn the identities of other law enforcement agents that he may wish to name as defendants in an amended pleading. Nor has Robinson sufficiently explained why he cannot name those currently-unknown agents as "John Doe" defendants until he learns their identities.

Accordingly, because it appears that Robinson could presently file a civil action arising out of the alleged unconstitutional searches of his home, **IT IS HEREBY ORDERED** that by no later than **December 6, 2019**, Robinson shall **SHOW CAUSE**, in writing, why the Court should not deny his Petition. In that response, Robinson shall explain to the Court why (1) he believes that he cannot presently bring a civil action arising out of the alleged unconstitutional searches of

his home and (2) he satisfies all of the other requirements of Federal Rule of Civil Procedure 27.

If Robinson does not file a response to this Order with the Clerk of the Court as set forth above by **December 6, 2019**, the Court will deny the Petition without prejudice.

      **IT IS SO ORDERED**.

                               s/Matthew F. Leitman
                               MATTHEW F. LEITMAN
                               UNITED STATES DISTRICT JUDGE

Dated:  November 7, 2019


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 7, 2019, by electronic means and/or ordinary mail.

                               s/Holly A. Monda
                               Case Manager
                               (810) 341-9764